UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                Case No. 21-CR-11

TIMOTHY J. TETZLAFF,

        Defendant.

## PLEA AGREEMENT

1.     The United States of America, by its attorneys, Richard G. Frohling, United States Attorney for the Eastern District of Wisconsin, and Daniel R. Humble, Assistant United States Attorney, and the defendant, Timothy J. Tetzlaff, individually and by attorney Joseph M. Pozorski, Jr., pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2.     The defendant has been charged in a three-count indictment, which alleges violations of Title 18, United States Code, Sections 2251(a) and 2423(a).

3.     The defendant has read and fully understands the charges contained in the indictment. He fully understands the nature and elements of the crimes with which he has been charged, and those charges and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4.     The defendant voluntarily agrees to plead guilty to the following counts set forth in full as follows:

## COUNT ONE

**THE GRAND JURY CHARGES THAT:**

Between approximately July 18, 2014, and July 26, 2014, in the State and Eastern District of Wisconsin and elsewhere,

**TIMOTHY J. TETZLAFF**

knowingly transported John Doe One, an individual who had not attained the age of 18 years, in interstate commerce with the intent of engaging in sexual activity for which any person could be charged with a criminal offense.

In violation of Title 18, United States Code, Section 2423(a).

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

Between approximately January 2015, and August 15, 2015, in the State and Eastern District of Wisconsin,

**TIMOTHY J. TETZLAFF**

knowingly employed, used, persuaded, induced, enticed and coerced John Doe One, a minor, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, to wit: a visual depiction of John Doe One, engaged in the lascivious exhibition of his genitals, which visual depiction was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Section 2251(a).

5. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offenses described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a

2

reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

Between approximately July 18, 2014, and July 26, 2014, in the State and Eastern District of Wisconsin, Timothy J. Tetzlaff began a trip from his residence in Manitowoc County, Wisconsin, to the Smokey Mountains in Tennessee with a minor, listed as John Doe 1 in the indictment. Prior to his travel, Tetzlaff had previously sexually abused John Doe 1 at his home in Manitowoc County, Wisconsin. While camping in the Smokey Mountains in Tennessee, Tetzlaff sexually assaulted John Doe 1 in violation of Tennessee criminal law and could have been charged with a criminal offense in that jurisdiction.

Between approximately January 2015, and April 2015, in the State and Eastern District of Wisconsin, Tetzlaff produced 9 digital images of John Doe 1 naked, on a bed, with his genitals as the focus of the images. John Doe 1 was under the age of 12 years-old at the time the images were taken. Based on recognizable items in the background, it is apparent the images were taken in Tetzlaff's bedroom in his residence in Manitowoc County, Wisconsin. The defendant acknowledges that the images were produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce, and also that the images constitute sexually explicit conduct and reflect the lascivious exhibition of the minor's genitals.

This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, these offenses.

## PENALTIES

6. The parties understand and agree that the offenses to which the defendant will enter a plea of guilty carry the following maximum terms of imprisonment and fines: Count One, a lifetime of imprisonment and $250,000; and Count Three, 30 years and $250,000. The charge

3

in Count One carries a mandatory minimum of 10 years' imprisonment. The charge in Count Three carries a mandatory minimum of 15 years' imprisonment. Each count also carries a mandatory special assessment of $100, at least 5 years of supervised release, and a maximum of a lifetime on supervised release. The parties further recognize that a restitution order may be entered by the court.

7. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

## ELEMENTS

8. The parties understand and agree that in order to sustain the charge of transportation with the intent to engage in criminal sexual activity as set forth in Count One, the government must prove each of the following propositions beyond a reasonable doubt:

**First**, the defendant knowingly transported the victim in interstate commerce; and

**Second**, the victim was less than eighteen years of age at the time; and

**Third**, the defendant engaged the victim in sexual activity for which any person could be charged with a criminal offense

The parties understand and agree that in order to sustain the charge of production of child pornography as set forth in Count Three, the government must prove each of the following propositions beyond a reasonable doubt:

**First**, that the victim was under the age of eighteen years;

**Second**, that the defendant, for purposes of producing a visual depiction of such conduct, employed, used, persuaded or coerced the person identified in the indictment to take part in sexually explicit conduct; and

**Third**, the visual depiction was produced using materials that had been mailed, shipped, transported across state lines or in foreign commerce.

4

## SENTENCING PROVISIONS

9. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

10. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

11. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

### Sentencing Guidelines Calculations

12. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

### Relevant Conduct

5

13. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offenses to which the defendant is pleading guilty. The defendant agrees that the Court may consider any reliable information regarding additional acts of sexual assault involving minors committed by the defendant.

## Base Offense Level

14. The parties acknowledge and understand that the government will recommend to the sentencing court that the applicable base offense level for the offense charged in Count One is 28 under Sentencing Guidelines Manual § 2G1.3(a)(3) and that the applicable base offense level for the offense charged in Count Three is 32 under Sentencing Guidelines Manual § 2G2.1(a).

## Specific Offense Characteristics

15. The parties acknowledge and understand that the government will recommend to the sentencing court that an 8-level increase is applicable for a victim under the age of 12 years of age under Sentencing Guidelines Manual § 2G1.3(b)(5)(B), a 2-level increase is applicable for a sexual act with the victim under Sentencing Guidelines Manual § 2G1.3(b)(4)(A), a 2-level increase for a minor in the custody of the defendant is applicable under Sentencing Guidelines Manual § 2G1.3(b)(1)(B), and a 5-level increase for repeated acts against minors under Sentencing Guidelines Manual § 4B1.5(b)(1) are all applicable to the offense level for the offense charged in Count One. The parties acknowledge and understand that the defendant will not join in this recommendation.

16. The parties acknowledge and understand that the government will recommend to the sentencing court that an 4-level increase is applicable for a victim under the age of 12 years

6

of age under Sentencing Guidelines Manual § 2G2.1(b)(1)(A), and a 2-level increase is applicable for a minor in the custody of the defendant under Sentencing Guidelines Manual § 2G2.1(b)(5) are both applicable to the offense level for the offense charged in Count Three.

## Acceptance of Responsibility

17. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

## Sentencing Recommendations

18. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

19. Both parties reserve the right to make any recommendation any other matters not specifically addressed by this agreement.

20. The government agrees to recommend a sentence within the applicable sentencing guideline range, as determined by the court. The defendant is free to argue for any sentence subject to the applicable mandatory minimums. Further, the Manitowoc County District Attorney agrees to dismiss all charges in case number 2020CF000857 pursuant to the terms of this plea agreement.

## Court's Determinations at Sentencing

21.     The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

22.     The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## **FINANCIAL MATTERS**

23.     The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any and all court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any and all financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

24.     The defendant agrees to provide to the Financial Litigation Unit (FLU) of the United States Attorney's Office, upon request of the FLU during any period of probation or supervised release imposed by the court, a complete and sworn financial statement on a form provided by FLU and any documentation required by the form. The defendant further agrees,

8

upon request of FLU whether made before or after sentencing, to promptly: cooperate in the identification of assets in which the defendant has an interest, cooperate in the liquidation of any such assets, and participate in an asset deposition.

## Special Assessment

25. The defendant agrees to pay the special assessment in the amount of $200 prior to or at the time of sentencing.

## Restitution

26. The defendant agrees to pay restitution as ordered by the court. The defendant understands that because restitution for the offenses is mandatory, the amount of restitution shall be imposed by the court regardless of the defendant's financial resources. The defendant agrees to cooperate in efforts to collect the restitution obligation. The defendant understands that imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action.

## DEFENDANT'S WAIVER OF RIGHTS

27. In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

   a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

   b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government

        establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

   c.    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

   d.    At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

   e.    At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

28. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

29. The defendant acknowledges and understands that he will be adjudicated guilty of the offenses to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

30. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth

Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

31. Based on the government's concessions in this agreement, the defendant knowingly and voluntarily waives his right to appeal his sentence in this case and further waives his right to challenge his conviction or sentence in any post-conviction proceeding, including but not limited to a motion pursuant to 28 U.S.C. § 2255. As used in this paragraph, the term "sentence" means any term of imprisonment, term of supervised release, term of probation, supervised release condition, fine, forfeiture order, and restitution order. The defendant's waiver of appeal and post-conviction challenges includes the waiver of any claim that (1) the statute or Sentencing Guidelines under which the defendant is convicted or sentenced are unconstitutional, and (2) the conduct to which the defendant has admitted does not fall within the scope of the statute or Sentencing Guidelines. This waiver does not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, such as race, religion, or sex, (3) ineffective assistance of counsel in connection with the negotiation of the plea agreement or sentencing, or (4) a claim that the plea agreement was entered involuntarily.

## MISCELLANEOUS MATTERS

32. Pursuant to 18 U.S.C. § 3583(d), the defendant has been advised and understands the court shall order as a mandatory condition of supervised release, that the defendant comply with state sex offender registration requirements. The defendant also has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: the location of his residence; the location of his employment; and, if he is a student, the location of his

school. Registration will require that the defendant provide information that includes, name, residence address, and the names and addresses of any places at which he will be an employee or a student. The defendant understands that he must update his registration not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations may subject him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine and/or imprisonment.

## GENERAL MATTERS

33. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

34. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

35. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

36. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's

12

agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## VOLUNTARINESS OF DEFENDANT'S PLEA

37. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 3-18-2021

_____
TIMOTHY J. TETZLAFF
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 3-18-21

_____
JOSEPH M. POZORSKI, JR.
Attorney for Defendant

For the United States of America:

Date: 3/19/2021

_____
RICHARD G. FROHLING
United States Attorney

Date: 3/19/2021

_____
DANIEL R. HUMBLE
Assistant United States Attorney

14